**Mary L. McKENZIE, Plaintiff-Appellant,**

v.

**U.S. HOME CORP., et al., Defendants-Appellees.**

No. 82–2390
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 9, 1983.
Rehearing Denied June 6, 1983.

Lieberman & Tratras, Murray L. Lieberman, Houston, Tex., for plaintiff-appellant.

David C. DuBose, Houston, Tex., for defendants-appellees.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Mary McKenzie appeals from a district court's grant of summary judgment in her suit for damages under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691–1691f. We affirm.

McKenzie applied through U.S. Home Mortgage Corp. for a loan to purchase a home. At that time she was separated from her husband and divorce proceedings were pending. U.S. Home Mortgage, pursuant to its general policy and on the advice of counsel, told McKenzie that the loan could not be made unless either the divorce became final or McKenzie's husband joined in signing the deed of trust. U.S. Home Mortgage did this in order to insure a valid lien on the property under Texas law. McKenzie eventually purchased the home with other financing. She then brought this suit against U.S. Home Mortgage and U.S. Home under the Equal Credit Opportunity Act.

The Equal Credit Opportunity Act provides, "It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction —(1) on the basis of ... marital status ..." 15 U.S.C. § 1691(a). McKenzie contends that credit was denied to her because of her marital status. That is unquestionably true, but 15 U.S.C. § 1691d(a) provides: "A request for the signature of both parties to a marriage for the purpose of creating a valid lien, passing clear title, waiving inchoate rights to property, or assigning earnings, shall not constitute discrimination under this subchapter ..." In addition, the regulations implementing the Act state,

If an applicant requests secured credit, a creditor may require the signature of the applicant's spouse or other person on any instrument necessary, or reasonably believed by the creditor to be necessary, under applicable State law to make the property being offered as security available to satisfy the debt in the event of default, for example, any instrument to create a valid lien, pass clear title, waive inchoate rights, or assign earnings.

12 C.F.R. § 202.7(d)(4). According to the summary judgment evidence recounted above, U.S. Home Mortgage's reason for requiring either a joint signature or a divorce was to insure a valid lien. In Texas, a community property state, this concern about a valid lien was reasonable. Thus, § 1691d(a) insulates the defendants from liability, as the district court correctly held.

In her brief to this court, McKenzie disputes the version of events that was presented in the defendants' affidavits. She maintains that the only reason she was given for denial of her credit application was, "Approval pending result from Lawyer on Divorce Decision." However, McKenzie filed no affidavits, choosing to rely on her unverified complaint and the exhibit attached thereto. Rule 56 makes it crystal clear that this is not enough:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

F.R.Civ.P. 56(e).

AFFIRMED.